**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STUDIO GIRAFFE LLC and THOMAS SILVERMAN

Plaintiffs,

vs.

JAVLON NIZOMOV,

Defendant.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Studio Giraffe LLC and Thomas Silverman ("Plaintiffs") bring this Complaint against Defendant Javlon Nizomov ("Defendant") for declaratory relief, cancellation of fraudulent trademark and copyright claims, damages for breach of contract, and injunctive relief, and in support thereof allege as follows:

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.; the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs also assert related claims under New York common law for breach of contract and unfair competition. Plaintiffs seek declaratory and injunctive relief, cancellation of fraudulent copyright and trademark registrations, and damages arising from an escalating intellectual property dispute concerning the Speed Draw! video game project.

2. The controversy centers on Defendant Javlon Nizomov—a former independent contractor terminated for cause—who now falsely claims co-ownership of Speed Draw! and its intellectual property, and has engaged in a pattern of bad-faith conduct. Without any contractual

or legal basis, Defendant has issued repeated threats of imminent litigation, filed knowingly false copyright and trademark applications, and interfered with Plaintiffs' ongoing business.

3. Defendant's claims are meritless. He never contributed capital, shared in business risks, or held any equity interest in the project. His role was limited to compensated contract programming services, performed under Mr. Silverman's sole direction and control. Defendant was removed from the project in early 2023 for cause, after repeated failures to meet deadlines and professional obligations. The current deployed version of Speed Draw! contains no code authored by Defendant.

4. Since his termination, Defendant has filed unauthorized trademark applications falsely identifying himself as a co-owner, asserted knowingly false claims of copyright authorship, and issued legal threats intended to coerce unwarranted financial concessions from Plaintiffs. Defendant's conduct also includes disruptive attempts to interfere with platform access and business relationships, as well as explicit threats of litigation.

5. Plaintiffs bring this action now to resolve the legal uncertainty caused by Defendant's claims and conduct. The persistent threats of litigation, coupled with Defendant's filing of allegedly fraudulent trademark applications and public accusations of misconduct, have created an actual case or controversy that adversely affects Plaintiffs' ability to operate their business, maintain platform relationships, and their efforts to develop future content under the Speed Draw! brand name.

6. Plaintiffs seek: (i) declaratory judgments confirming that Defendant holds no ownership interest in Speed Draw! or its intellectual property; (ii) cancellation of Defendant's fraudulent copyright and trademark applications; (iii) damages for breach of contract and unfair

competition; and (iv) permanent injunctive relief prohibiting further wrongful conduct by Defendant.

**THE PARTIES**

7. Plaintiff Studio Giraffe is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 131 7th Avenue, #204, New York, New York.

8. Plaintiff Thomas Silverman is an individual residing in the State of New York.

9. Upon information and belief, Defendant Javlon Nizomov is an individual residing in the State of Florida with an address in care of his attorneys, McHale & Slavin, P.A., 2855 Palm Beach Gardens, FL 33410.

**JURISDICTION AND VENUE**

10. This action arises under the federal trademark statute, i.e., the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiffs seek a specific remedy based upon the laws authorizing actions for declaratory judgments in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

11. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and those causes of action arise under New York law, specifically N.Y. C.P.L.R. § 3001.

12. This Court has personal jurisdiction over Defendant Javlon Nizomov pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a), and the Due Process Clause of the U.S. Constitution. Among other things, Defendant has purposefully directed activities toward this

judicial district by asserting trademark and copyright claims against Plaintiff Studio Giraffe LLC—an entity located within this district—communicating threats of enforcement and initiating disputes concerning alleged intellectual property rights that affect Plaintiffs' business operations centered in this forum. On information and belief, Nizomov has also participated in, authorized, or directed commercial activity targeting consumers or partners within the State of New York. These contacts are sufficient to establish that the exercise of personal jurisdiction over Nizomov is both statutorily authorized and consistent with traditional notions of fair play and substantial justice.

13. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs have their principal place of business in this District, are transacting and doing business in this District.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff Studio Giraffe LLC ("Studio Giraffe") is the creator and owner of the game Speed Draw!, a digital game hosted on the Roblox platform. The game has achieved commercial success, amassing more than 1.4 billion visits and widespread recognition.

15. In or around 2020, Plaintiff Thomas Silverman engaged Defendant Javlon Nizomov ("Defendant") to perform contract programming services for the initial development of Speed Draw! on a non-exclusive, work-for-hire basis.

16. At no time did Defendant contribute capital, share in business losses, or assume managerial or equity responsibilities in the project. Mr. Silverman alone conceived of the Speed Draw! concept, directed all development, financed all business operations, and retained full decision-making authority.

17. Between 2020 and 2023, Mr. Silverman paid Defendant pursuant to a commission-based contractor arrangement, including a share of revenue that reached as high as 45% of Roblox-

generated income. These payments continued well after Defendant ceased performing any services in early 2023.

18. Defendant was fired for cause in early 2023 after repeatedly failing to meet development deadlines, exhibiting unprofessional conduct, undermining team collaboration, acting in a verbally abusive manner, and making threats to Plaintiff Silverman. Following his termination, Plaintiffs received no further meaningful contributions from Defendant.

19. Plaintiffs subsequently initiated a complete redevelopment of Speed Draw! using a new programming team. This involved rebuilding the game from the ground up and required substantial financial investment. Mr. Silverman personally funded all technical development, infrastructure upgrades, testing, and quality improvements necessary to preserve the game's performance and commercial viability.

20. As of this filing, none of the source code authored by Defendant remains in the deployed version of Speed Draw!.

21. Despite having no ongoing role in the project and contributing nothing to the current game, Defendant has attempted to assert ownership rights in Speed Draw! because he has filed two federal trademark applications—U.S. Serial Nos. 98815445 and 98815361—falsely identifying himself as a co-owner of the Speed Draw! mark and falsely stating that he had authorization from Mr. Silverman to file these applications.

22. Defendant has also made a series of legal threats through counsel. On June 11, 2025, Defendant's attorney issued a "Notice of Breach of Agreement," asserting that Plaintiffs' continued operation of the Speed Draw! game constituted willful copyright infringement and demanding that revenue payments resume within five days. The letter also expressly revoked any previously implied license and demanded that Defendant's share of revenues be "promptly

restored." This letter followed a May 19, 2025 letter in which Defendant's counsel requested confirmation that "you will return a Waiver of Service of Process on Mr. Silverman's behalf, following receipt of a Summons and Complaint," confirming that litigation was imminent.

23. These threats follow an earlier demand letter from January 27, 2025, in which Defendant's prior attorney warned that unless the trademark filing for Speed Draw! was revised to name Defendant as a co-owner, Plaintiffs should expect litigation. Collectively, Defendant's communications make clear that he intends to assert meritless claims in federal court in order to disrupt Plaintiffs' legitimate business.

24. Defendant's pattern of behavior demonstrates bad faith. After being terminated in early 2023, Defendant disappeared for more than a year—contributing nothing to the Speed Draw! game while continuing to accept revenue-share payments. Defendant then resurfaced in late 2024, initiating a campaign of legal threats, false trademark filings, and demands aimed at leveraging Speed Draw!'s success for personal gain.

25. In addition to threatening litigation, Defendant has sought to inflict reputational and commercial harm. He has threatened to file DMCA takedown notices with Roblox to force Speed Draw! offline and interfere with its availability. In written communications, Defendant threatened that Plaintiffs will "never make another penny" from the game. These threats prompted Plaintiffs to notify Roblox in advance and affirm, through counsel, that none of Defendant's code remains in the current version of the game. Plaintiffs reasonably view Defendant's conduct as a calculated attempt to extract financial concessions through coercion and disruption.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as if fully set forth at length herein.

27. Defendant has falsely asserted an ongoing equity or ownership interest in the Speed Draw! project based on his prior role as a contractor.

28. Under New York Partnership Law §§ 10 and 11, a partnership requires a mutual agreement to carry on a business as co-owners for profit, along with shared contributions of capital, joint control over operations, and shared exposure to business losses. None of those elements is present here. Defendant made no capital contribution, shared no business risk, exercised no managerial control, and had no authority to bind the business.

29. At no time did Plaintiffs and Defendant enter into any agreement—written, oral, or implied—that would establish a partnership or confer any ownership interest in Speed Draw! or Studio Giraffe LLC. The parties never executed a partnership agreement, nor did they engage in any conduct that would reasonably support the existence of a partnership.

30. The revenue-sharing arrangement between Plaintiffs and Defendant reflected compensation to an independent contractor, not a distribution of partnership profits. Defendant's conduct throughout the relationship was consistent with that of an independent contractor, not a business partner.

31. An actual, present, and justiciable controversy exists regarding Defendant's claimed partnership and ownership interest. Accordingly, Plaintiffs seek a judicial declaration under N.Y. C.P.L.R. § 3001 that no partnership ever existed between Silverman and Defendant, and that Defendant has no ownership interest in Speed Draw!, Studio Giraffe LLC, or any related intellectual property or revenue.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth at length herein.

33. An actual and justiciable controversy exists between the parties regarding Plaintiffs' alleged infringement of copyrights Defendant claims to own in earlier versions of the Speed Draw! source code or artwork.

34. Plaintiffs assert that the current Speed Draw! codebase contains no expression authored by Defendant, and that any prior use was permitted under an implied license which has either expired or been rendered moot.

35. Plaintiffs seek a declaration that they have not infringed and do not infringe any copyright or other intellectual property held by Defendant.

**THIRD CAUSE OF ACTION**
**(Invalid Copyright Claims Due to Fraud by Defendant)**
(17 U.S.C. § 411(b); 28 U.S.C. §§ 2201–2202)

36. Plaintiffs repeat and reallege paragraphs 1 through 35 as if fully set forth herein.

37. Upon information and belief, Defendant knowingly provided false information in his copyright application(s) concerning the game Speed Draw!, including a false date of first publication and an inaccurate representation of authorship.

38. Specifically, Defendant falsely asserted a date of first publication that differs from the January 3, 2022 release of the game or any public display of the allegedly protected material. The dates of publication submitted to the Copyright Office do not align with any date on which the Speed Draw! game was released or updated.

39. In addition, Defendant knowingly and falsely represented that he was the sole author of the code submitted for copyright registration. In truth, the code for Speed Draw! included significant contributions from multiple other coders, as well as components derived from third-party open-source materials. Defendant failed to disclose these facts to the Copyright Office, and

knowingly omitted the involvement of other contributors and use of open-source components in an effort to improperly claim sole ownership.

40. The inaccurate information provided by Defendant—including both the false date of publication and the misrepresentation of authorship—was material to the Copyright Office's evaluation of the claim and its issuance of a registration. Defendant's misrepresentations were made knowingly and with the intent to obtain a federal registration that could later be used as a litigation weapon against Plaintiffs.

41. The false statements made by Defendant undermine the validity of any resulting copyright registration and constitute fraud on the Copyright Office under 17 U.S.C. § 411(b).

42. Plaintiffs seek a declaration that any copyright registration procured by Defendant based on knowingly false statements regarding the date of publication, authorship, or both, is invalid, unenforceable, and subject to cancellation. Plaintiffs further request that the Court order the cancellation of any such fraudulently obtained registration.

43. Plaintiffs further request that the Court refer the matter to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2), for a determination as to whether the inaccurate information was knowingly included and material to the Office's decision.

## FOURTH CAUSE OF ACTION
**(Improper Trademark Use and Filing of Fraudulent Applications)**
(15 U.S.C. §§ 1051 et seq.; 28 U.S.C. §§ 2201–2202)

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully set forth at length herein.

45. Defendant has filed two federal trademark applications for the mark SPEED DRAW! claiming ownership and authorization from Mr. Silverman, neither of which is true.

46. Plaintiffs own all rights in the Speed Draw! mark, having used it continuously and exclusively since at least 2020 in connection with game development and promotion.

47. Plaintiffs seek: (i) a declaration that they are the sole owners of the Speed Draw! mark, (ii) an order compelling Defendant to withdraw the pending trademark applications, and (iii) a permanent injunction barring Defendant from using the Speed Draw! name or any confusingly similar mark in commerce.

**FIFTH CAUSE OF ACTION**
**(False Designation of Origin)**
15 U.S.C. § 1125(a)

48. Plaintiffs repeat and reallege paragraphs 1 through 47 as if fully set forth at length herein.

49. Defendant's unauthorized and false assertions of ownership in Speed Draw!, including filing for trademark registration, falsely represents the origin and ownership of the game and its branding.

50. Such false designation is likely to cause confusion among the public and constitutes unfair competition under the Lanham Act.

51. Plaintiffs have suffered and continue to suffer harm from Defendant's misrepresentations and seek injunctive relief, as well as cancellation of the Defendant's fraudulent trademark filings.

**SIXTH CAUSE OF ACTION**
**(Unfair Competition)**

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth at length herein.

53. Defendant has engaged in a course of conduct specifically designed to misappropriate the goodwill, intellectual property, and brand identity of Speed Draw! to the

detriment of Plaintiffs, including by falsely asserting ownership in the Speed Draw! project, filing unauthorized trademark applications, interfering with Plaintiffs' business relationships and platform access, and threatening to commence a lawsuit without a legal basis.

54. Defendant's conduct constitutes unfair competition under New York common law, which prohibits misappropriation and bad faith interference with another's commercial rights and reputation.

55. Plaintiffs have suffered and continue to suffer irreparable harm to their reputation, business interests, and relationships as a result of Defendant's actions, and are entitled to damages and injunctive relief.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract — New York Common Law)**

56. Plaintiffs repeat and reallege paragraphs 1 through 55 as if fully set forth at length herein.

57. Plaintiff Thomas Silverman and Defendant entered into a contract under which Defendant agreed to provide coding services for the Speed Draw! project in exchange for a commission-based compensation arrangement, including a share of Roblox-generated revenues.

58. The parties' contract required Defendant to perform services in a timely and professional manner, and to refrain from interfering with Plaintiffs' business operations or misusing confidential information.

59. Defendant materially breached the contract by repeatedly failing to meet development deadlines, engaging in disruptive conduct that undermined project collaboration, utilizing open source software without authorization and, following termination, by deleting and sabotaging elements of the Speed Draw! codebase, filing unauthorized trademark applications, and issuing false ownership claims to third parties.

60. As a direct and proximate result of Defendant's breaches, Plaintiffs have suffered damages, including but not limited to financial losses, legal expenses, reputational harm, and disruption to business operations.

61. Plaintiffs seek an award of actual damages in an amount to be determined at trial, plus attorneys' fees, costs, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

(1) A declaration that Plaintiffs do not infringe any copyright owned by Defendant;

(2) A declaration that no partnership or joint venture ever existed between Silverman and Defendant, and that Defendant has no ownership interest in Speed Draw! or Studio Giraffe;

(3) A declaration that Plaintiffs are the sole owners of the Speed Draw! trademark and related intellectual property;

(4) An injunction prohibiting Defendant from using the Speed Draw! name or branding, and requiring him to withdraw or cancel any pending USPTO trademark applications;

(5) An award of actual damages, restitution, and disgorgement of ill-gotten gains resulting from Defendant's breaches of contract and wrongful conduct;

(6) An award of attorneys' fees and costs as allowed by law; and

(7) Any such other and further relief the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P 38(b), Plaintiff demands a trial by jury for all issues so triable in this action.

Dated: New York, NY
June 26, 2025

**BOAG | LAW, PLLC**
*Co-Attorneys for Plaintiffs Studio Giraffe LLC and Thomas Silverman*

By: */s/ David A. Boag*
David A. Boag
447 Broadway, Suite 2-270
New York, NY 10013
dab@boagip.com

**ROSS KATZ & PACHNANDA PLLC**
*Co-Attorneys for Plaintiffs Studio Giraffe LLC and Thomas Silverman*

By: */s/ Alex K. Ross*
Alex K. Ross
845 Third Avenue, Sixth Floor
New York, NY 10022
Aross@RKPlawgroup.com
(917) 997-7677