UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE

STUDIO GIRAFFE LLC and THOMAS
SILVERMAN,

    Plaintiffs,                                  Case No. 1:25-cv-05322-RA

v.

JAVLON NIZOMOV,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, JAVLON NIZOMOV ("NIZOMOV") by and through its undersigned counsel hereby move to dismiss Plaintiffs, STUDIO GIRAFFE LLC ("Giraffe") and THOMAS SILVERMAN ("Silverman") (Collectively "Plaintiffs")Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted and states as follows:

## ARGUMENT

### I. This Court Does Not Have Personal Jurisdiction Over Defendant

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999)) Nevertheless, "although

pleadings and affidavits are construed in the light most favorable to the plaintiff, 'conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a prima facie showing of jurisdiction.'" *DeLorenzo v. Ricketts & Assocs., Ltd.*, No. 15-CV-2506, 2017 U.S. Dist. LEXIS 156415, 2017 WL 4277177, at *5 (S.D.N.Y. Sept. 25, 2017) (quoting *Bracken v. MH Pillars, Inc.*, No. 15-CV-7302, 2016 U.S. Dist. LEXIS 180133, 2016 WL 7496735, at *2 (S.D.N.Y. Dec. 29, 2016)). To determine whether jurisdiction exists over a non-domiciliary, the Court must determine whether New York law allows the exercise of personal jurisdiction and, if so, whether doing so comports with constitutional due process guarantees. *Edwardo v. Roman Catholic Bishop of Providence*, 66 F.4th 69, 73 (2d. Cir. 2023); *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d. Cir. 2013). If New York law does not permit the Court to exercise personal jurisdiction over the non-domiciliary defendants, then the Court need not determine whether jurisdiction would be permissible under the United States Constitution. See *Donner v. Der Spiegel GmbH & Co.*, 747 F. Supp. 3d 681, 688 (S.D.N.Y September 4, 2024); *Penguin Grp. (USA) Inc. v. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010).

The Due Process Clause protects a party's liberty interest in not being subject to the binding judgments of a forum with which it has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-472,

105 S. Ct. 2174, 85 L.Ed. 2d 528 (1985)(citing to *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)).

A. <u>Plaintiff Has Not Sufficiently Plead Jurisdiction</u>

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Birdie Girl Golf, LLC v. Many Hats Enters., LLC,* 2025 U.S. Dist. LEXIS 159935 at *15 (N.Y.S.D. August 18, 2025) (citing to *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). First, the court considers whether there is a basis for personal jurisdiction under the laws of the forum state. *Id.*; (internal citations omitted). Second, the court examines whether the exercise of personal jurisdiction comports with constitutional due process. *Chloe*, 616 F.3d at 164; *see also Licci ex rel Licci* 732 F.3d at 168. Plaintiffs rely on N.Y. C.P.L.R §302(a) generally to establish personal jurisdiction which expressly states:

> § 302. Personal jurisdiction by acts of non-domiciliaries.
> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state,[…]; or
> 3. commits a tortious act without the state causing injury to person or property within the state, […] if he
>     (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; […]

Plaintiffs have failed to properly assert the necessary jurisdictional facts to sufficiently establish jurisdiction in the State of New York. Specifically, Plaintiffs assert there is jurisdiction pursuant to N.Y. C.P.L.R. §302(a) generally, because Defendant has "assert[ed] trademark and copyright claims against Plaintiff Studio Giraffe LLC – an entity located within this district". *Dkt. Entry 1 ¶12*. Plaintiffs further state that "[o]n information and belief, Nizomov has also participated in, authorized or directed commercial activity targeting consumers or partners within the State of New York." *Id*. Plaintiffs assert that these actions are sufficient to establish personal jurisdiction over Defendant. This is inaccurate, unsupported by more than conclusory statements and contrary to the applicable case law. These conclusory allegations are directly controverted by the affidavit of Defendant. *See Sworn Affidavit of Javlon Nizomov Attached as Exhibit 1*.

    B.    <u>Plaintiffs Have Failed to Establish the Necessary Minimum Contacts to Utilize New York Long-Arm Statute.</u>

    i.    *Plaintiffs Have Not Established Jurisdiction Under 302(a)(1)*

Plaintiffs provide mere conclusory statements to mirror the requirements of N.Y. C.L.R. §302(a), which is insufficient to establish that Defendant has "purposefully" directed activities toward this jurisdiction to establish the applicability of §302(a)(1).

"To establish personal jurisdiction under section 302(a)(1), two requirements **must** be met: (1) The defendant must have transacted business within the state; *and* (2) the claim asserted must arise from that business activity." *Birdie Girl Golf* at *17 (citing to *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Transacting business under C.P.L.R. 302(a)(1) requires "**purposeful** activity"—that is, "**volitional** acts" through which a defendant "avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citing to *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 45 N.Y.S.3d 276, 68 N.E.3d 1, 7 (N.Y. 2016) (internal citation omitted). The mere operation of a semi-interactive website, without sales into New York has generally not supported personal jurisdiction under §302(a)(1). *Blockchange Ventures I GP, LLC v. Blockchange, Inc.,* 2021 U.S. Dist. LEXIS 136942 at *15 (S.D.N.Y. July 22, 2021) (citing to *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 U.S. Dist. LEXIS 72282, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018). Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York. *Pearson Educ., Inc. v. Shi,* 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007)(citation omitted).

Plaintiffs make no assertion that Defendant has any physical presence within the State of New York, however, claim that based *solely on information and belief,* Defendant participated, authorized or directed commercial activities to

consumers or partners within the State of New York. *Dkt. Entry 1 ¶12*. There are no other facts or allegations plead to support this basis of jurisdiction. As is evidenced and supported by the Affidavit of Javlon Nizomov, the Defendant has never intentionally, purposefully or intentionally directed activities toward consumers within the State of New York. *Exhibit 1 ¶¶ 5; 10; 14-17*. The Defendant does not operate a commercial website intentionally targeting any persons within the State of New York nor has he conducted any business within the State of New York. *Exhibit 1 ¶¶ 5; 11-12*. The allegations plead by Plaintiff are merely conclusory in an effort to assert personal jurisdiction which is improper.

In a similarly factual case, *Birdie Girl Golf,* the Court found personal jurisdiction pursuant to §302(a)(1) to be improper because Plaintiff merely asserted conclusory statements which are not required to be accepted as true by the Court. The plaintiff in *Birdie Girl Golf* actually asserted more specific allegations and included allegations that persons within the State of New York accessed the website but the Court still determined that it _still_ failed to sufficiently allege that defendants ever sold products in New York or entered into agreements in the state above a conclusory allegation thus finding personal jurisdiction was improper. *Birdie Girl Golf, LLC* At *20-21.

Plaintiff has failed to allege anything more than conclusory allegations in an effort to establish personal jurisdiction which is improper. Plaintiff has not alleged Defendant does any business within the State of New York nor that Defendant has

purposefully availed itself of the privilege of conducting activities within New York to invoke the benefits and protections of its laws. Personal jurisdiction under §302(a)(1) is improper.

> i. *Plaintiffs Have Not Established Jurisdiction Under 302(a)(3)*

Plaintiffs rely on Defendant's "assertion" of its intellectual property rights to an entity located within the State of New York to establish that Plaintiff has committed a "tort" outside the State of New York which has caused damage to Plaintiffs within the State of New York. Plaintiffs have failed to sufficiently allege or plead that Defendant did anything more than assert his intellectual property rights directly to Plaintiffs – not any third-parties - nor have Plaintiffs alleged any damages or harm caused by this assertion.

Section 302(a)(3) requires a plaintiff to allege that "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; **and** (5) the defendant derived substantial revenue from interstate or international commerce." *Penguin Group (USA) Inc. v. American Buddha ("Penguin I"),* 609 F.3d 30, 35 (2d Cir. 2010). It is well-settled that "residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction" under section 302(a)(3). *Troma Entm't, Inc. v. Centennial Pictures, Inc.,* 729 F.3d 215, 218 (2d Cir. 2013) (affirming the lower

court's holding that there was no personal jurisdiction pursuant to §302(a)(3)(ii) because plaintiff failed to plead a non-speculative and direct injury to a person or property in New York). The in-state injury requirement has therefore "long been interpreted to include 'harm to a business in the New York market through lost sales or lost customers.'" *Birdie Girl Golf, LLC* at *23 (citing to *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008); *see also Darby Trading Inc. v. Shell Trading & Shipping Co. Ltd.*, 568 F. Supp. 2d 329, 336 (S.D.N.Y. 2008) (stating "while [p]laintiff is correct to note that lost sales or customers can satisfy the 'injury within New York' requirement under §302(a)(3)(ii), those lost sales **must** be in the New York market, and must be New York customers.")

      Plaintiff has failed to allege any tortious act committed by Defendant outside the State of New York, but merely states Defendant has asserted its intellectual property rights – to which Defendant owns a copyright registration, as evidenced by Plaintiffs' own complaint.[1] As plead, Plaintiffs merely assert that Defendant requesting Plaintiffs cease infringing on its federally registered copyright registration is a tortious act – which is completely inaccurate. *Dkt. Entry 11 ¶12; 22-23; 25*. Plaintiff has not plead – *nor is it truthful* – that Defendant has made any allegations to any party other than Plaintiffs themselves. Notwithstanding the

---

[1] Plaintiffs claim Defendant provided false information in obtaining the registration (which is highly in dispute), however, do not dispute he currently owns a copyright registration.

failure to plead an actual "tortious act," Plaintiffs have also failed to allege and properly plead an injury or damage to a person or property in New York. Plaintiffs merely assert that because these requests to cease infringement were directed toward Plaintiffs – which are located in New York – that is sufficient to assert jurisdiction pursuant to §302(a)(3)(ii). *Dkt. Entry 1 ¶12*. Again, per Plaintiffs own pleadings, Defendant has not made any of these "threatening" assertions to anyone other than Plaintiffs thus no damages or harm can have occurred to Plaintiffs' reputation or business. Further, Plaintiffs merely assert in a conclusory statement that it has suffered and continues to suffer harm but pleads no examples of such harm. *Dkt. Entry 1 ¶¶51, 55, 60*. Additionally, Plaintiffs have not plead – nor can they factually support – that Defendants in any way should have reasonable expected to be sued within the State of New York nor that Defendant has derived any substantial revenue from interstate commerce – specifically from New York.

Plaintiffs have not sufficiently plead a tortious act that has caused a specific harm to a person or property within the State of New York. Further, Plaintiffs have failed to properly assert or demonstrate how Defendant should have expected or reasonably known it would be sued within the State of New York nor how Defendant has earned any revenue from interstate commerce arising from its tortious act. Thus, this Court cannot assert personal jurisdiction pursuant to §302(a)(ii).

    iii.    *Plaintiff have Failed to Establish Minimum Contacts*

Plaintiffs have failed to establish the elements required for personal jurisdiction pursuant to C.P.L.R. §302(a) but have also failed – at a minimum – to establish sufficient minimum contacts between Defendant and the State of New York.

The Courts have established in *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945), the "minimum contracts doctrine" for purposes of jurisdiction. In this long-standing case, the United States Supreme Court held that to establish personal jurisdiction, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* The public policy behind this minimum contacts doctrine is to ensure **fairness** to non-resident defendants, as in it is only appropriate to assert jurisdiction **where the defendant has sought to obtain the benefits and protection of the forum state.** The doctrine further ensures that states do not reach beyond the territorial limits of their sovereignty. *See World-Wide Volkswagen Corp., v. Woodson,* 444 U.S. 286, 297 (1980); *Burger King Corp., v. Rudzewicz,* 471 U.S. 462, 471-472 (1985); *Asahi Metal Indus., Co., Ltd. V. Superior Court,* 480 U.S. 102 (1987).

Based on the minimum contacts doctrine and the established precedent, the primary question becomes whether Defendant had such a significant relationship with the State of New York that it is reasonable to require him to defend itself in the action in a New York Federal Court. The answer is no. Defendant does not have

the minimum contacts within the State of New York necessary to confer personal jurisdiction. Defendant is an individual – and as plead by Plaintiffs resides in Florida. Defendant does not intentionally target or solicit consumers within the New York market. *See Exhibit 1 ¶5; 10; 14; 16-17; 19-20*. This Honorable Court does not have personal jurisdiction over Defendant, who is a resident of the State of Florida with no attachment to New York. Plaintiffs have also failed to sufficiently plead any efforts or actions by Defendant directly to the State of New York. Plaintiff merely relies on conclusory statements which echo the requirements pursuant to New York's long-arm statute which is not enough to force Defendant to defend this litigation in a foreign and distant state.

Based on the lack of minimum contacts with the State of New York, this Court must dismiss this matter as it does not have personal jurisdiction over Defendant.

    C.    <u>Asserting Personal Jurisdiction in this Matter Would Violate the Due Process Clause of the Fourteenth Amendment.</u>

Even if this Court finds personal jurisdiction is proper under §302(a), the exercise of such jurisdiction does not comport with the due process requirements of the Fourteenth Amendment. If there are insufficient minimum contacts with the State of New York – *which Defendant has demonstrated*– it does not matter whether there is jurisdiction under the New York Long Arm Statute. The Due Process Clause of the United States Constitution <u>mandates</u> the exercise of

jurisdiction be "fair and reasonable" and comport with the concept of "fair play and substantial justice." 471 U.S. 462 at 477-78.

Defendant has demonstrated that there are no sufficient minimum contacts to render a fairness analysis necessary. However, in looking at the standard established in prior case law, fairness requires that the Court decline to exercise jurisdiction in this matter. Specifically, any alleged wrong conduct did not occur within the State of New York. There have been no business transactions within the State of New York. There are no agents or representatives of Defendant within the State of New York nor has Defendant availed itself to the benefits and protections of the State of New York. Further, it would be unfair and unreasonable to require a foreign non-resident to defend himself in an unfamiliar court of law that he has no connections to which is exactly what the Due Process Clause seeks to avoid. On the contrary, Plaintiffs have expressly targeted and intentionally solicit its business to consumers within the State of Florida – as it has plead it owns a game that has achieved commercial success and amassed more than 1.4 billion visits and widespread recognition. *Dkt. Entry 1 ¶15*. Thus, to comport with fairness and equity, this matter should be filed in a jurisdiction where all parties have availed themselves to the protections of – which would include Florida.

Accordingly, any jurisdiction asserted over Defendant in this matter would violate the Due Process Clause of the Fourteenth Amendment as it would be unfair and unreasonable to require Defendant to defend himself in a geographically

distant jurisdiction where he has no presence or affiliation. Asserting personal jurisdiction would be a substantial injustice in direct contravention of the Due Process Clause.

## II. Plaintiff Has Failed to State a Claim for Which Relief Can Be Granted.

Plaintiff has failed to state a claim for which relief can be granted in its Complaint as the Complaint is merely an improper shotgun pleading that fails to provide the requisite adequate notice to Defendant of the allegations asserted.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) questions the sufficiency of the pleadings. Additionally, Fed. R. Civ. P. 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss, Plaintiff must allege facts that, if true, are sufficient "to raise a right to relief <u>above the speculative level</u>," and to "state a claim to relief that is <u>plausible</u> on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). At this stage, the Court accepts well-pleaded factual allegations as true, but the Court need <u>not</u> accept as true "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements' of a claim." *APR Energy, LLC v. Pakistan Power Res., LLC* 653 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009). Shotgun pleadings are those which incorporate by reference the previous paragraphs of allegations and merely

recite the elements of each claim, leaving defendants and the court to parse out which facts apply to which claim. *Donahue v. Metro. Life Ins. Co.,*

The entire Complaint is an impermissible shotgun pleading that incorporates each of the foregoing paragraphs forcing Defendant, and this Court, to infer which specific fact and asserted conduct support each allegation. For example, under the Fourth Cause of Action, Plaintiffs repeat and reallege paragraphs 1-43, which include the allegations regarding Defendant's asserted ownership of a copyright – Defendant must now sift through and determine how these allegations apply to this cause of action so it may properly respond. Additionally, Plaintiffs' allegations seek to inquire – and potentially cancel – Defendant's copyright registration yet Plaintiffs plead that Defendant does own its own version of the code because Plaintiffs allege that it previously had an implied license of Defendant's code but also that the Defendant previously authored code. *Dkt. Entry 1* ¶¶20; 34. Defendant is unable to prepare a response and raise potential defenses based on insufficient and contradictory pleadings. Finally, Plaintiffs assert that pursuant to New York Partnership Law §§10 and 11, there is no partnership however, §11 subsection 4, states:

> 4. The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:
> (a) As a debt by installments or otherwise,
> (b) As wages of an employee or rent to a landlord,
> (c) As an annuity to a surviving spouse or representative of a deceased partner,

> (d) As interest on a loan, though the amount of payment vary with the profits of the business,
> (e) As the consideration for the sale of the good-will of a business or other property by installments or otherwise.

Plaintiffs fail to plead to assert that any of these exceptions apply, therefore by their own pleadings, there was a partnership relationship. Specifically, Plaintiffs assert Defendant received a share of revenue that reached as high as 45% and the payments continued even after Defendant ceased work. *Dkt. Entry 1 ¶17; 30; 57*. Plaintiffs never plead or assert that this revenue share was a repayment of debt, wages of an employee or rent payments, an annuity, interest on a loan, or for the sale of a business – thus this significant share of revenue is *prima facie* evidence of a partnership. Plaintiffs generally assert this payment was based on a "commission-based contractor agreement" then state that it continued "well after Defendant ceased performing any services in early 2023". *Id*. This continued payment is quite the opposite of an "employment" relationship – once employment ends, so does compensation. Notwithstanding, Plaintiffs plead a contractor relationship – not an employee/employer relationship.

On its face, the Complaint does not plead or contain sufficient factual matter that even when accepted as true state a claim for which relief can be granted under any of the asserted causes of action. Plaintiffs' improper shotgun pleading forces Defendant and the Court itself to determine which allegations support the cause of action. Plaintiffs Complaint contains far too many inconsistencies and conflicting

statements, thus fails to sufficiently plead any of its causes of action as it merely repeats each element of these causes of action which is in direct contravention to Fed. R. Civ. P. 8(a) and the long-held precedent of this Court. Therefore, Plaintiff's Complaint should be dismissed as an improper shotgun pleading and for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiffs have not sufficiently plead that this Court has personal jurisdiction over Defendant in this current matter. Further, Plaintiffs have failed to assert or demonstrate that Defendant has sufficient minimum contacts within the State of New York. Accepting jurisdiction in this matter would violate the fair and reasonable standard set forth in the Due Process Clause of the Fourteenth Amendment. Finally, even if this Honorable Court finds it can assert personal jurisdiction over Defendant, this Complaint should still be dismissed as Plaintiffs Complaint is an improper shotgun pleading and Plaintiffs have failed to state a claim for which relief can be granted.

Defendant, JAVLON NIZOMOV, respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint and any other relief this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2025, a true and correct copy of the foregoing was served through the CM/ECF portal and service made on all attorneys of record.

                                                Respectfully submitted,

*/s/Kelly Ann M. desRosiers*
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
*/s/Lorri Lomnitzer*
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
*/s/Jessica Delaney Getz*
Jessica Delaney Getz
Florida Bar No. 1054190
Jessica@Lomnitzerlaw.com

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorney for Defendant, Javlon Nizomov*