**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**FOLEY SQUARE**

STUDIO GIRAFFE LLC and THOMAS SILVERMAN,

Plaintiffs, Case No. 1:25-cv-05322-RA

v.

JAVLON NIZOMOV,

Defendant.
_________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, JAVLON NIZOMOV ("NIZOMOV") by and through its undersigned counsel hereby file its Reply to STUDIO GIRAFFE LLC ("Giraffe") and THOMAS SILVERMAN ("Silverman") (Collectively "Plaintiffs") Response in Opposition to the Motion to Dismiss and states as follows:

## ARGUMENT

### I. Plaintiff Continues to Rely on Conclusory Statements to Establish Jurisdiction

Plaintiffs continue to rely only on the conclusory and unsupported statements plead in its Complaint in an effort to overcome the sworn affidavit and specific examples highlighted in Defendant's Motion to Dismiss. This is not sufficient and cannot establish personal jurisdiction over the Defendant within the State of New York.

A. This Court is Not Required to Accept Allegations as True When Controverted by Affidavit Testimony


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Court may consider materials outside of the pleadings, but factual doubts are resolved in plaintiff's favor and "**jurisdictional allegations are accepted as true <u>to the extent</u> they are uncontroverted by the defendant's affidavits**." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)). "In determining whether a plaintiff has met this burden, we will not draw argumentative inferences in the plaintiff's favor," *Id. (citing to Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation marks omitted). “nor must we "accept as true a legal conclusion couched as a factual allegation[.]" *Id. (citing to Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Courts in this circuit have long held that 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga,* No. 05 Civ. 2626, 2007 U.S. Dist. LEXIS 25257, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); see also *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").[1]

Plaintiff relies **solely** on its conclusory statements and on the motion to dismiss standard that the Court is required to accept all allegations as true at this stage. Plaintiff does not provide any additional support for its conclusory statements made in its

[1] These cases are regarding subject matter jurisdiction, however, this standard is analogous to personal jurisdiction in this instance.

complaint nor any supported affidavit or testimony to overcome the contradicted facts expressly outlined by Defendant in his affidavit and Motion to Dismiss. Specifically, Defendant demonstrated numerous "facts" as plead by Plaintiff to be inaccurate and false. The facts – as supported by the sworn affidavit – demonstrate that Defendant has not ever intentionally or deliberately targeted consumers within the State of New York, nor purposefully availed itself to such jurisdiction thus the State of New York nor that this venue has personal jurisdiction over the individual, NIZOMOV.

This current instance is analogous to the recent *Knocking Inc., v. Carter,* in which the Court dismissed one of the defendants based on the insufficient and broad allegations raised by the plaintiff. *Knocking Inc., v. Carter,* 2025 U.S. Dist Lexis 152605 at *8-9 (August 7, 2025). The Court elaborated that the vague and conclusory statements invite the Court to follow "innuendo over fact" and that the statements made present only argumentative inferences and legal conclusions that it is not required to make. *Id.* Ultimately, the non-resident defendant was dismissed based on a lack of personal jurisdiction – the facts of which are highly comparable to the matter at hand.

Plaintiffs have only plead conclusory, broad statements in an effort to mirror the necessary elements for personal jurisdiction, however Defendant has provided factually supported evidence and testimony to demonstrate the lack of personal jurisdiction. Further, Plaintiff has failed to provide anything more than a recitation of these same conclusory facts in its opposition.

B. Plaintiffs Have Not Sufficiently Plead Nor Demonstrated Jurisdiction Under §302

Plaintiff cites to *Licci ex rel. Licci,* in an attempt to demonstrate that because Defendant received payments from Silverman, a New York resident, it proves that Defendant transacted business within the state – *however* – NIZOMOV never received any payments from Silverman. The payments and monies received were paid directly by Roblox, which is a California entity. *Dkt. Entry 12.1 ¶15; see also Dkt. Entry 14 pg. 12.* This is further supported by the fact Plaintiff has failed to provide any invoices or payment stubs paid to NIZOMOV – because SILVERMAN did not pay him. Additionally, Plaintiffs state that NIZOMOV accepted "reimbursements for expenses through the New York-based enterprise" – however this "enterprise" at least regarding Plaintiff Studio Giraffe, did not exist until February of 2025. *See Department of State Entity Information attached as Exhibit 1.* Plaintiff also attempts to assert that deliberate business contact with New York, even one purposeful act sufficiently demonstrates the requisite minimum contacts to establish jurisdiction, but again – Plaintiffs have not plead or sufficiently demonstrated any "purposeful" or "deliberate" act toward that State of New York by NIZOMOV. *Dkt. Entry 12.1 ¶¶2-5; 8-10; 14; 17-19.*

Plaintiff also fails to properly analyze the *Burger King* case in full – specifically Plaintiff merely references the general holding of this case but fails to properly apply it to the facts at hand. As the Court specifically found in this long-held precedent it is not merely that the defendant deliberately engage in significant activities within a state but manifestly avails itself to the benefits and protections of the forum's laws. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). Notwithstanding that NIZOMOV did not deliberately engage in any significant activities with the State of New York, but at no point


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

has NIZOMOV ever availed itself to any benefits or protections of the State of New York. *Dkt. Entry 12.1 ¶2-5; 8-10*. Burger King also provides that even if minimum contacts are established, the concept of fair play and substantial justice may still defeat personal jurisdiction because these rules are not to be employed in such a way as to make litigation "gravely difficult and inconvenient" that a party unfairly is at a severe disadvantage in comparison to his opponent. *Burger King* at 477-478 (citing to *World-Wide Volkswagen Corp. v. Woodson supra,* at 292; *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)).

Plaintiffs own and operate a digital game that has achieved more than 1.4 billion visits and widespread recognition. *Dkt. Entry 1* ¶14. NIZOMOV is an individual residing in the State of Florida. *Dkt. Entry 1 ¶9; Dkt. Entry 12.1 ¶19*. Requiring the individual Defendant to litigate a matter in a court more than 1,000 miles away from his residence would be a severe disadvantage as compared to Plaintiffs – who admittedly have connections and access throughout the world including the State of Florida. *Dkt. Entry 1* ¶14; *Dkt. Entry 12.1 ¶20-21*.

Further, Plaintiff attempts to separate the facts of this matter from the *Birdie Girl Golf, LLC,* by claiming that Plaintiffs have pled "far more" than the Plaintiff in that case but again cites only to its broad statements alleged in the Complaint. As the Court held in *Birdie Girl Golf, LLC,* the Complaint alleged that defendants had "systematic and continuous business contacts...within New York" but did not offer any more specific to support that conclusory assertion. *Birdie Girl Golf, LLC v. Many Hats Enters., LLC* 2025 U.S. Dist. LEXIS 159935 at *16 (S.D.N.Y August 18, 2025).


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Plaintiff has failed to properly allege and plead personal jurisdiction over Defendant Nizomov. NIZOMOV provided supported evidence and testimony to sufficiently overcome the jurisdictional allegations raised in the Complaint and demonstrate this lack of personal jurisdiction. Notwithstanding, Plaintiff provided a Response in Opposition to the Motion but relied solely on the same broad facts and allegations in its Complaint.[2]

## CONCLUSION

Plaintiffs have not sufficiently plead beyond conclusory and unsupported allegations that this Court has personal jurisdiction over Defendant. Further, Plaintiffs have failed to assert or demonstrate that Defendant has sufficient minimum contacts within the State of New York. Additionally, accepting jurisdiction in this matter would directly violate the fair and reasonable standard set forth in the Due Process Clause of the Fourteenth Amendment. Requiring the individual Defendant to litigate in a foreign jurisdiction to which he has no ties, while Plaintiffs have a national presence including the residence state of Defendant, would cause a grave injustice to Defendant further demonstrating the violation of the due process clause.

Defendant, JAVLON NIZOMOV, respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint and any other relief this Court deems just.

## CERTIFICATE OF SERVICE

[2] Defendant also renews its position that Plaintiff has failed to state a cause of action.


THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

I HEREBY CERTIFY that on September 19, 2025, a true and correct copy of the foregoing was served through the CM/ECF portal and service made on all attorneys of record.

Respectfully submitted,

*/s/Kelly Ann M. desRosiers*
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
*/s/Lorri Lomnitzer*
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
*/s/Jessica Delaney Getz*
Jessica Delaney Getz
Florida Bar No. 1054190
Jessica@Lomnitzerlaw.com

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorney for Defendant, Javlon Nizomov*