**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STUDIO GIRAFFE LLC and THOMAS
SILVERMAN,

Plaintiffs,

v.

JAVLON NIZOMOV,

Defendant.

Case No. 1:25-cv-05322-RA

~~[PROPOSED]~~ STIPULATED
PROTECTIVE ORDER

WHEREAS, the parties to this proceeding (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that may be disclosed in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order—including without limitation the Parties to this proceeding, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1.      Scope. This Order governs the disclosure and use of documents, testimony, and information produced in discovery in this action that are designated as Confidential or Attorneys' Eyes Only.

-1-

2.      Definitions. For purposes of this Order:

(a)  "Producing Party" means a Party or non-party that produces discovery material;

(b)  "Receiving Party" means a Party that receives discovery material;

(c)      "Confidential Information" means non-public information that the Producing Party reasonably believes contains sensitive business, technical, financial, or proprietary information; and

(d)      "Attorneys' Eyes Only Information" means extremely sensitive Confidential Information, including limited source code excerpts or detailed financial data, the disclosure of which to a business adversary would create a substantial risk of competitive or other harm.

3.      Designation of Protected Material. A Producing Party may designate discovery material as CONFIDENTIAL or ATTORNEYS' EYES ONLY by clearly marking each page or item. Deposition testimony may be designated on the record or in writing within fourteen (14) days after receipt of the transcript. Until the expiration of that designation period, deposition transcripts shall be treated as Confidential.

4.      Use of Protected Material. All Protected Material shall be used solely for purposes of prosecuting or defending this action and shall not be used for any business, competitive, or other purpose.

5.      Disclosure of Confidential Information. Unless otherwise ordered by the Court, Confidential Information may be disclosed only to outside counsel of record and their necessary staff; up to two designated representatives of each Party; experts or consultants retained for purposes of this litigation who have executed the acknowledgment attached as Exhibit A; the Court and its personnel; and court reporters and litigation support vendors.

6.      Disclosure of Attorneys' Eyes Only Information. Attorneys' Eyes Only Information may be disclosed only to:

(a)      outside counsel of record and their necessary staff;

(b)      retained experts or consultants who have executed Exhibit A;

(c)      the Court and its personnel; and

(d)      court reporters and litigation support vendors.

7.      No individual involved in competitive decision-making, including pricing, licensing, product design, or marketing decisions related to the subject matter of this action, may access Attorneys' Eyes Only Information absent the written consent of the Producing Party or further order of the Court.

8.      The following protections shall apply to any source code produced in this action:

(a)      Source code shall be designated ATTORNEYS' EYES ONLY – SOURCE CODE. No other confidentiality designation shall apply to source code.

(b)      Source code shall be produced exclusively in native electronic format within a secure, access-controlled electronic repository or on encrypted electronic media. The producing system or media shall: (i) require unique user authentication; (ii) log all access; and (iii) prohibit printing, downloading, copying, or transmitting source code except as expressly permitted by this Order.

(c)      Access to source code is limited to: (i) outside counsel of record; and (ii) up to two (2) retained experts or consultants per side, each of whom has executed Exhibit A. No in-house counsel, officers, employees, or party representatives may access source code. Access shall be solely for purposes of this litigation.

(d)      Source code shall not be copied, downloaded, photographed, or otherwise duplicated except that outside counsel or retained experts may create excerpts limited to the specific portions reasonably necessary for expert reports, deposition exhibits, or court filings. Any such excerpts shall

be maintained in a secure location and shall retain the ATTORNEYS' EYES ONLY – SOURCE CODE designation.

(e)     Any source-code excerpts included in pleadings, motions, or other filings shall be narrowly tailored to the specific issues addressed and shall be filed under seal in accordance with applicable rules. No more source code than reasonably necessary may be included in any filing.

(f)     All copies and excerpts of source code shall be destroyed or returned to the Producing Party within [60] days after final resolution of this action, including all appeals, and counsel shall certify compliance in writing.

9.     Financial Information. Non-public financial information, including revenue, profit, expense, and valuation information, may be designated as Confidential or Attorneys' Eyes Only as appropriate. Attorneys' Eyes Only designation is appropriate where disclosure to a business adversary would create a substantial risk of competitive or commercial harm.

10.     Challenging Designations. A Receiving Party may challenge a confidentiality designation by providing written notice (including by email) to the Producing Party. The Parties shall meet and confer in good faith before seeking Court intervention. The burden of establishing the propriety of a designation rests with the Producing Party.

11.     Filing Under Seal. This Order does not authorize the filing of any material under seal. Any request to file Protected Material under seal must comply with the Court's rules and applicable law.

12.     Inadvertent Production. The inadvertent production of privileged or work-product protected material shall not constitute a waiver of any privilege or protection, consistent with Federal Rule of Evidence 502.

13.     Non-Parties. Non-parties may designate material as Confidential or Attorneys' Eyes Only under this Order and shall be entitled to the protections afforded herein.

14.     Subpoenas or Compulsory Process. If a Receiving Party is served with a subpoena or other compulsory process seeking Protected Material, it shall promptly notify the Producing Party and reasonably cooperate to permit the Producing Party to seek protection.

15.     Return or Destruction of Protected Material. Within sixty (60) days after the final termination of this action, all Protected Material shall be returned or destroyed, except that counsel may retain archival copies of pleadings, motion papers, exhibits, and attorney work product.

16.     Use at Trial. The use of Protected Material at hearings or trial shall be addressed by the Court at the appropriate time. Designation under this Order does not determine admissibility.

17.     Survival and Jurisdiction. The obligations imposed by this Order shall survive the final disposition of this action. The Court retains jurisdiction to enforce, modify, or interpret this Order. This Order may be modified by written agreement of the Parties or by Court order.

Dated:  January 22, 2026                    United States District Judge Ronnie Abrams

*[Signatures on following page]*

Approved as to form and content:

**BOAG LAW, PLLC**
*Co-Attorneys for Plaintiffs Studio Giraffe LLC*
*and Thomas Silverman*

By: */s/   David A. Boag*
David A. Boag
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

Dated: January 21, 2026

**ROSS KATZ & PACHNANDA PLLC**
*Co-Attorneys for Plaintiffs Studio Giraffe LLC*
*and Thomas Silverman*

By: */s/  Alex K. Ross*
Alex K. Ross
845 Third Avenue, Sixth Floor
New York, NY 10022
Aross@RKPlawgroup.com
(917) 997-7677

Dated: January 21, 2026

**THE LOMNITZER LAW FIRM, P.A.**
*Attorneys for Defendant Javlon Nizomov*

By: */s/  Kelly Ann M. desRosiers*
Kelly Ann M. desRosiers
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
(561) 953-9300
kelly@lomnitzerlaw.com

Dated: January 21, 2026

**EXHIBIT A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of this action, I will return or destroy all documents and things designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, in accordance with the Protective Order

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____